FILED

08/06/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. ANTHONY SINQUARIUS MARKS

**Appeal from the Criminal Court for Davidson County**
**No. 2014-D-3182     Mark J. Fishburn, Judge**

**No. M2017-02013-CCA-R3-CD**

The Appellant, Anthony Sinquarius Marks, is appealing the trial court's denial of his motion to correct an illegal sentence. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

THOMAS T. WOODALL, delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J. and TIMOTHY L. EASTER, J. joined.

Anthony Sinquarius Marks, *pro se*.

Herbert H. Slatery III, Attorney General and Reporter; Sophia Lee, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In September 2016, the Appellant was convicted of fabricating evidence and aggravated perjury. He was sentenced to twelve years for each crime, to be served concurrently with each other but consecutively to prior sentences from two other cases. He did not appeal. In August 2017, the Appellant filed a motion to correct an alleged illegal sentence. *See* Tenn. R. Crim. P. 36.1. The trial court summarily denied the motion. The Appellant timely filed notice of appeal. Following the filing of the record on appeal and the Appellant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

The Appellant alleges his two twelve-year sentences are illegal because he was not properly awarded pretrial jail credits. Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

The trial court did not err in summarily dismissing the Appellant's motion. As the State aptly observes, the Supreme Court has specifically held "a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *Brown*, 479 S.W.3d at 213.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.


Judge Thomas T. Woodall